a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DARRYL PUDERER #601803,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-01707<br>SEC P |
| VERSUS | JUDGE DRELL |
| MARKUS MYERS ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a civil Complaint filed by pro se Plaintiff Darryl Puderer ("Puderer"), an inmate at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Puderer alleges that his rights under Constitution and laws of the United States and Louisiana have been violated through his exposure to environmental tobacco smoke ("ETS"). He seeks damages and injunctive relief, as well as class certification.

To determine whether Puderer is entitled to relief, the Complaint will be SERVED.

I. Background

Puderer alleges that RLCC officials have failed "to take adequate corrective measures to eliminate or mitigate the ETS exposure to offenders at the RLCC facility; specifically, and especially on his Cajun-1 'A2' Medical/Handicapped classified 'Specialty' tier, causing serious harm" to Puderer and other offenders. ECF No. 23 at

4. He asserts that he has been exposed "day and night" to "unsafe" levels of ETS due to Defendants failure to strictly enforce the smoking ban on his special tier. Puderer claims that Defendants act with deliberate indifference in violation of the Eighth Amendment by subjecting him to unreasonably high and unsafe levels of ETS. *Id.* He also claims that Defendants' failure to provide him with smoke-free housing violates the Americans with Disabilities Act and the Rehabilitation Act.

Puderer alleges that Defendants have issued "very few disciplinary citations" on the Cajun-1, A2 tier, where offenders are vulnerable and health-compromised. ECF No. 23 at 13. Puderer states that Defendants continually ignore offenders that violate the smoking ban, or only issue a verbal warning. *Id.*

Puderer alleges that he suffers from heart disease, hypertension, diabetes, obesity, "and a physical disability where he cannot walk and must utilize a wheelchair for mobility." ECF No. 23 at 10. He alleges that ETS exposure causes him to experience sleep deprivation, difficulty breathing, concentrating, and communicating. ECF No. 23 at 8-9.

Puderer also seeks class certification. ECF No. 23 at 37.

II. <u>Service of Process</u>

THE CLERK IS DIRECTED to serve upon Puderer at his last known address a copy of this Order, two (2) summons forms, and one (1) USM-285 form for each Defendant, other than the State of Louisiana, the DOC[1], and the unidentified John/Jane Does.

---

[1] Because the State and its agencies are immune from suit in federal court, service is being withheld on those Defendants. *See Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267

Puderer must then furnish to the Clerk of Court, 515 Murray Street, Alexandria, LA 71301, within thirty (30) days after service of this Order:

- one (1) copy of the AMENDED COMPLAINTS (ECF Nos. 23, 28) (without exhibits);
- two (2) completed SUMMONSES; and,
- one (1) completed USM-285 FORM

for EACH Defendant, other than the State of Louisiana, the DOC, and Does. After the foregoing documents have been furnished,

THE CLERK IS DIRECTED to serve the specified Defendants through the United States Marshals Service, with a copy of the Amended Complaints (ECF No. 23, 28) (without exhibits), the appropriate summons, and a copy of this Order.

IT IS ORDERED that Defendants file a response to the Amended Complaints within 21 days after service. If no motion to dismiss is filed, the parties shall have a period of 60 days following the filing of a responsive pleading to complete all appropriate discovery. If a motion to dismiss is filed by any party, the 60-day discovery period will begin after the resolution of the last motion to dismiss.

Thereafter, if deemed appropriate, Plaintiff or Defendant may file a motion for summary judgment within 30 days of the end of discovery, to include material and relevant affidavits, certified records, interrogatories and answers, admissions and depositions, if any, and a supporting memorandum brief. Any party not filing a

---

(1997); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993) (only state officials, not state agencies, may be enjoined); *Moore v. Louisiana Bd. of Elementary & Secondary Educ.,* 743 F.3d 959, 963 (5th Cir. 2014); *Canada Hockey, L.L.C. v. Texas A&M Univ. Athletic Dep't,* No. 20-20503, 2022 WL 445172, at *3 (5th Cir. 2022). Dismissal of these Defendants will be addressed in a forthcoming Report and Recommendation.

motion for summary judgment MUST FILE a Statement of Issues within the same period, which shall enumerate each relevant, genuine issue of material fact perceived by that party.

All documentary exhibits accompanying the motion, including medical records MUST BE APPROPRIATELY NUMBERED. An INDEX shall also be submitted describing each item attached to the response and showing each item's page number.

SIGNED on Tuesday, March 11, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE