a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DARRYL PUDERER #601803,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-01707<br>SEC P |
| VERSUS | JUDGE DRELL |
| MARKUS MYERS ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 76) filed by Defendants with respect to a Complaint filed under 42 U.S.C. § 1983 by pro se Plaintiff Darryl Puderer ("Puderer"). Puderer is an inmate at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. He alleges a violation of the United States Constitution and Louisiana law through his exposure to environmental tobacco smoke ("ETS"). He seeks damages and injunctive relief, as well as class certification.

Because Puderer did not exhaust administrative remedies, the civil action should be DISMISSED WITHOUT PREJUDICE.

I.  Background

Puderer initiated this lawsuit in 2021, alleging that RLCC officials failed to protect him from exposure to environmental tobacco smoke. ECF No. 1. The following month, Puderer's motion to voluntarily dismiss the suit was granted. ECF No. 9.

1

Three years later, Puderer's motion to reopen the case was granted. ECF No. 21. Puderer filed an Amended Complaint (ECF No. 23) alleging that Defendants failed "to take adequate corrective measures to eliminate or mitigate the ETS exposure to offenders at the RLCC facility; specifically, and especially on his Cajun-1 'A2' Medical/Handicapped classified 'Specialty' tier, causing serious harm" to Puderer and other offenders.[1] ECF No. 23 at 4. Puderer asserts that he has been

---

[1] Through the years, numerous inmates at RLCC, previously known as Avoyelles Correctional Center, have filed suits for damages and injunctive relief related to ETS exposure. *Thibodeaux v. Meyers*, 23-30158, 2024 WL 303254, at *1 (5th Cir. 2024) (finding that the summary judgment evidence, which includes that the defendants instituted a no-smoking policy at the prison and that they enforce that policy, supports the conclusion that the defendants were not deliberately indifferent to the risk of harm to Thibodeaux) (citing *Helling v. McKinney*, 509 U.S. 25, 35-37 (1993); *Todd v. Hawk*, No. 00-11334, 2001 WL 803568, at *3 (5th Cir. 2001) (unpublished); *Hampton v. Brown*, 544 F. App'x 416, 417 (5th Cir. 2013) (unpublished)); *Dardar v. Leblanc*, 1:21-CV-02284, 2023 WL 2484475, at *3 (W.D. La. 2023), *judgment entered*, 2023 WL 2480844 (W.D. La. 2023) (granting Defendant's Motion for Summary Judgment because it "offered uncontroverted evidence of the efforts made at RLCC to stop inmates from smoking, to punish inmates for doing so, and to enforce Louisiana law in this regard"); *Meaux v. Louisiana Dep't of Pub. Safety & Corr.*, 1:19-CV-01014, 2023 WL 350585, at *3 (W.D. La. 2023), *report and recommendation adopted*, 2023 WL 349350 (W.D. La. 2023) (same); *Billiot v. Bordelon*, 1:21-CV-00102, 2022 WL 4244015, at *1 (W.D. La. 2022), *report and recommendation adopted*, 2022 WL 4241767 (W.D. La. 2022) (granting Motion to Dismiss suit for damages for failing to allege personal involvement by Defendants); *Jiles v. McCain*, 1:20-CV-00282, 2022 WL 807034, at *4 (W.D. La. 2022), *report and recommendation adopted*, 2022 WL 806784 (W.D. La. 2022) (granting Defendants' Motion for Summary Judgment because Defendants have shown they were not deliberately indifferent); *Bonds v. McCain*, 1:20-CV-00293, 2022 WL 728757, at *3 (W.D. La. 2022), *report and recommendation adopted*, 2022 WL 710608 (W.D. La. 2022) (granting Motion to Dismiss Bonds's allegation of a constitutional violation from the sale of smokeless tobacco); *Gipson v. LeBlanc*, 1:17-CV-1394, 2022 WL 37315, at *3 (W.D. La. 2022) (granting Motion for Summary Judgment because Defendants presented summary judgment "evidence that they have enforced RLCC's no-smoking policy); *Wesley v. LeBlanc, et al.*, 1:20-CV-00243, 2021 WL 1219982, at *4 (W.D. La. 2021), *report and recommendation adopted*, 2021 WL 1218493 (W.D. La. 2021) (granting Motion to Dismiss); *Davis v. McCain*, 16-CV-1534, 2019 WL 8273960, at *4 (W.D. La. 2019), *report and recommendation adopted*, 2020 WL 1495881 (W.D. La. 2020) (granting Motion for Summary Judgment because Defendants presented summary judgment evidence that they had in place an anti-smoking policy, and they enforced the policy when violations were observed).

exposed "day and night" to "unsafe" levels of ETS due to Defendants failure to strictly enforce the smoking ban on his special tier.  Puderer claims that Defendants acted with deliberate indifference in violation of the Eighth Amendment by subjecting him to unreasonably high and unsafe levels of ETS.  *Id.*  He also claims that Defendants' failure to provide him with smoke-free housing violates the Americans with Disabilities Act, Americans with Disabilities Amendment Act, and the Rehabilitation Act.

Puderer alleges that Defendants have issued "very few disciplinary citations" on the Cajun-1, A2 tier, where offenders are vulnerable and health-compromised.  ECF No. 23 at 13.  Puderer states that Defendants continually ignore offenders that violate the smoking ban, or only issue a verbal warning.  *Id.*

Puderer names as Defendants: the State of Louisiana, through the Louisiana Department of Safety and Corrections ("DOC"); DOC Secretary Gary Westcott; Benjamin Maddie; William Easterling; Jaime Broussard; Warden Joseph Hext; Warden Steven Bordelon; Danielle Blanchard; Donovan Dupuy; Kenneth Ravare; Ronnie Hegger; Medical Director Linda Bunch; Shelley Desselle; ADA liaisons Jane and John Doe; John Does 1-10 and Jane Does 1-10.  ECF No. 23 at 14.

Puderer alleges that Defendants Myers, Millus, Bordelon, Maddie, Chenevert, Hext, Blanchard, Bunch, and Westcott created and condoned policies, practices, and customs.  He alleges that Defendants Myers, Millus, Bordelon, Maddie, and Hext

3

"made daily-weekly rounds of the facility and observed said conditions, exhibiting knowledge." ECF No. 126 at 3.

Puderer asserts that Defendants Dupuy, Hegger, Easterling, Broussard, and the John and Jane Does intentionally assigned known smokers to his medical tier and failed to enforce the nonsmoking policy. ECF No. 126 at 5. He alleges that Warden Myers negligently exposed Puderer to environmental tobacco smoke.

Puderer alleges that he suffers from heart disease, hypertension, diabetes, obesity, "and a physical disability where he cannot walk and must utilize a wheelchair for mobility." ECF No. 23 at 10. He alleges that ETS exposure causes him to experience sleep deprivation, and difficulty breathing, concentrating, and communicating. ECF No. 23 at 8-9.

Puderer also seeks class certification. ECF No. 23 at 37.

Defendants filed a Motion to Dismiss (ECF No. 76) raising several defenses to Puderer's claims.

## II. Law and Analysis

### A. Puderer did not fully exhaust administrative remedies.

Failure to exhaust administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199 (2007); *Herschberger v. Lumpkin*, 843 F. App'x 587, 590 (5th Cir. 2021) (emphasizing that "the failure to exhaust administrative remedies is an affirmative defense and must generally be pled by defendants in order to serve as the basis for dismissal") (citations omitted).

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because this requirement is mandatory, Puderer was required to exhaust administrative remedies as to each claim before filing his lawsuit. *See Woodford v. Ngo*, 126 S. Ct. 2378, 2382-83 (2006) (citing *Porter v. Nussle*, 534 U.S. 516 (2002)); *Booth v. Churner*, 121 S. Ct. 1819, 1825 (2001); *see also Jones* 549 U.S. at 211 (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court") (citation omitted).

Defendants assert that Puderer failed to fully exhaust administrative remedies. Although Puderer alleges that he filed a grievance in 2020 complaining of contaminated microwaves and exposure to second-hand smoke in 2020 (ECF No. 1-3 at 10), he concedes that he did not fully exhaust,[2] and asks for a "stay and abeyance" while he exhausts (ECF No. 23 at 26). Because exhaustion of claims is a prerequisite to filing suit, a stay is not appropriate.

Puderer also requests a protective order to prevent retaliation while he exhausts. Issuing an injunction is an extraordinary and drastic remedy, not to be

---

[2] "Therefore, Plaintiff-Petitioner is requesting to proceed with this claim—cause of action un-exhausted; or alternatively, he is requesting a 'Stay and Abeyance' in this matter and oversight and protection from this Honorable Court while he exhausts any un-exhausted claim(s)." ECF No. 23 at 26.

5

granted routinely.³ *See Munaf v. Green*, 553 U.S. 674, 689 (2008) (internal citations and quotations omitted). Puderer identifies no threats made by any Defendant. This lawsuit was originally filed in 2021, and reopened in 2025. Puderer does not allege that he has experienced any retaliation or threats of retaliation during the pendency of the proceedings. Accordingly, a protective order is not necessary or warranted.

### III. Conclusion

Because Defendants raised the affirmative defense of lack of exhaustion (ECF No. 76), and Puderer alleges that he did not fully exhaust all claims (ECF No. 23), IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 76) be GRANTED and the civil action DISMISSED WITHOUT PREJUDICE. Puderer must fully exhaust administrative remedies as to each claim prior to filing a new lawsuit. *See* 42 U.S.C. § 1997e(a).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

---

³ A preliminary injunction may be granted only if the moving party establishes each of these four factors:
(1) a substantial likelihood of success on the merits;
(2) a substantial threat that failure to grant the injunction will result in irreparable injury;
(3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and
(4) that the injunction will not disserve the public interest.
*See, e.g., Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). The moving party must carry the burden of persuasion with respect to all four factors. *Nat'l Rifle Assoc. of America, Inc. v. Bureau of ATF*, 728 F.Supp.3d 394, 407 (N.D. Tex. 2024).

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, December 10, 2025

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE