UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DARRYL PUDERER #601803                           CASE NO.  21-cv-1707 SEC P

-vs-                                                           JUDGE DRELL

MARKUS MYERS ET AL                      MAGISTRATE JUDGE PEREZ-MONTES

## JUDGMENT

Before the court is the Report and Recommendation of the Magistrate Judge previously filed herein (Doc. 138) recommending that the Defendants' Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim be granted.

We initially adopted the R&R and dismissed the matter, but then vacated that judgment because, as pointed out in Puderer's motion for reconsideration, he filed an objection that was timely under the "mailbox rule."  We have since conducted an independent (*de novo*) review of the record, including the objection filed by the Puderer, responses from the Defendants, and the "Response-Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Reconsideration (DOC-155) ("Response Reply").

In  Puderer's Response-Reply he attaches exhibits which include: (1) an "Administrative Remedy Procedure" ("ARP") filed January 2, 2026 and (2) a letter from the Louisiana Department of Public Safety and Corrections regarding the aforementioned ARP noting that it was rejected because his previously filed ARP RLCC-2020-290 was already addressed.  (Doc. 171-1).  As set forth in the R&R:

> Defendants assert that Puderer failed to fully exhaust administrative remedies. Although Puderer alleges that he filed a grievance in 2020 complaining of contaminated microwaves and exposure to second-hand smoke in 2020 (EVD No.

> 1-3 at 10), he concedes that he did not full exhaust and asks for a "stay and abeyance while he exhausts (ECF No. 23 at 26). Because exhaustion of claims is a prerequisite to filing suit, a stay is not appropriate.

(Doc. 138, p. 5) (footnote omitted). Although Puderer now insists he did not concede that he failed to fully exhaust, a review of his 2020 ARPs shows that he did not fully exhaust.

We also note that Puderer filed another ARP while this case was pending. Although it might seem like a waste of judicial resources to dismiss this case and allow Puderer to refile, that is exactly what the law requires us to do. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford v. Ngo, 548 U.S. 81, 85 (2006). Further, exhaustion must take place prior to the filing of a lawsuit, and even though dismissing the suit and requiring a movant to refile might be deemed inefficient, pre-filing exhaustion must be had. See Gonzalez v. Seal, 702 F.3d 785 (5th Cir. 2012).

Thus, after an independent (*de novo*) review of the record, including Puderer's objections to the Report and Recommendation, and having determined that the findings and recommendations are correct under the applicable law and noting the further finding and law set forth herein, it is

ORDERED, ADJUDGED, AND DECREED that the motion to dismiss (Doc. 76) is GRANTED and this action is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A for failure to exhaust. It is further

ORDERED that all pending motions, including, but not limited to Puderer's motion to re-urge his motion for preliminary injunction (Doc. 189), are DENIED AS MOOT.

THUS DONE AND SIGNED at Alexandria, Louisiana this _10th_ day of July 2026.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

2